UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

JAMES C. BEAL and DIANE
MARIE BEAL, etc.,

    Plaintiffs,

v.                                        Case No.3:12-cv-703-J-12JBT

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY, etc.,

    Defendant.

---

## ORDER

This cause is before the Court on Plaintiffs' Motion to Remand (Doc. 7) and Defendant's response in opposition (Doc. 10). Plaintiffs commenced this action in state court and filed their Complaint (Doc. 2) in the Circuit Court of the Fourth Judicial Circuit, in and for Duval County, Florida, seeking recovery of uninsured/underinsured motorist insurance benefits "for damages which exceed the sum of FIFTEEN THOUSAND DOLLARS ($15,000.00), exclusive of costs, interest and attorneys' fees," because of injuries they sustained in an automobile collision on May 30, 2011. Doc. 2 at ¶ 1.

Defendant then removed the state court action pursuant to 28 U.S.C. § 1332, which confers jurisdiction on this Court when the citizenship of the parties is diverse and the amount in controversy exceeds $75,000. The sole issue before the Court is whether this case meets the $75,000 jurisdictional amount in controversy requirement of 28 U.S.C. § 1332(a). For the reasons set forth below, the Court finds that Defendant has not demonstrated by a preponderance of the evidence that the amount in controversy in this

case exceeds $75,000, exclusive of interest and costs, and therefore will grant Plaintiffs' Motion to Remand.

In Count I, Plaintiff James C. Beal, claims that as the result of an automobile accident on or about May 30, 2011, he suffered either permanent or continuing "bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, loss of ability to earn money, and aggravation of a previously existing condition." Id. at ¶ 6. In Count II, Plaintiff Diane Marie Beal seeks recovery for those same types of injuries she allegedly suffered as a result from the same automobile accident. Id. at ¶ 14.

Whether this case was properly removed to federal court is determined on the basis of Plaintiffs' Complaint at the time of removal, and any uncertainties regarding removal must be resolved in favor of remand. See Burns v. Windsor, 31 F.3d 1092, 1095 (11th Cir. 1994). Because the precise amount of damages Plaintiffs seek is not specified in the Complaint, or otherwise apparent from its face, in order to defeat Plaintiffs' Motion to Remand, the burden is on Defendant to establish by a preponderance of the evidence that the amount in controversy in this case exceeds $75,000, exclusive of interest and costs. Pretka v. Kolter City Plaza II, Inc., 608 F.3d 744, 752 (11th Cir. 2010); Lowery v. Alabama Power Co., 483 F.3d 1184, 1208 (11th Cir. 2007); Williams v. Best Buy Co., 269 F.3d 1316, 1319 (11th Cir. 2001); Kirkland v. Midland Mortgage Co., 243 F.3d 1277, 1281 n.5 (11th Cir. 2001). In determining the amount in controversy at the time the case was removed, the Court may consider the notice of removal, as well as relevant evidence submitted. Williams, 269 F.3d at 1319.

Conclusory allegations regarding the jurisdictional amount, without setting forth underlying facts, are insufficient to meet Defendant's burden. Id. at 1320. While the Court may not speculate or guess as to the amount in controversy, "when a removing defendant makes specific factual allegations establishing jurisdiction and can support them (if challenged by the plaintiff or the court) with evidence combined with reasonable deductions, reasonable inferences, or other reasonable extrapolations," such "reasoning is not akin to [impermissible] conjecture, speculation, or star gazing." Pretka, 608 F.3d at 752-54. Plaintiffs' failure to stipulate as to the amount in controversy, that is, to the total amount of damages they are seeking in this case, is a relevant, but not dispositive consideration in determining whether the case was properly removed. See Williams, 269 F.3d. at 1320.

In addition to the allegations set forth in the Complaint, Defendant's Notice of Removal (Doc. 1), points to the following evidence in support of the exercise of the Court's removal jurisdiction:

> 1) the insurance policies at issue provide $100,000 of available uninsured motorist coverage for each Plaintiff;
>
> 2) settlement demand letters dated August 26, 2011, and March 26, 2012, on behalf of Plaintiff Diane Marie Beal, the latter seeking payment of the $100,000 policy limits from Defendant, describe medical expenses in the amount of $17,237.48 and approximately $27,000 in lost wages (Doc. 1 at ¶ 9 and Exh. 2 thereto filed separately as Doc. 5);
>
> 3) a settlement demand letter dated August 26, 2011, on behalf of Plaintiff James C. Beal, describing in excess of $10,000 in medical expenses incurred in the short period after the accident with additional medical bills to be incurred (Doc. 1 at ¶ 10 and Exh. 2 thereto filed as Doc. 5); and
>
> 4) two Civil Remedy Notices dated May 3, 2012, filed on Plaintiffs' behalf with the Florida Department of Financial Services alleging that Defendant had not made a good faith offer to settle the case and demanding the payment of the available $100,000 in uninsured motorist benefits (Exh. 3 to Doc. 1 thereto, filed separately as Doc. 9).

Plaintiffs assert that reliance on the amounts cited by Defendant in the Notice of Removal would render any determination of the amount in controversy wholly speculative, as the sums of lost wages and medical expenses for Plaintiff Diane Marie Beal amount to less than $35,000, and then medical expenses for Plaintiff James C. Beal, to less than $11,000. Plaintiffs claim that Defendant has offered only $7,500 to settle Plaintiff Diane Marie Beal's claim, and $7,000 to settle Plaintiff James C. Beal's claim, indicating that Defendant viewed Plaintiffs' demand letters as mere puffing or posturing. See Doc. 7 at 3-4 and 7. Plaintiffs also contend that Defendant's settlement offers necessitated the filing of the Civil Remedy Notices under Florida law in order to preserve a potential bad faith cause of action under Fla. Stat. §624.155(1)(b)(1) for Defendant's failure to settle the claims in good faith, and argues that those Civil Remedy Notices are not sufficient evidence to establish the amount in controversy in this case. Id. at 7. In support of their position, Plaintiffs cite several Orders issued in the Jacksonville Division of this Court which they maintain present similar factual circumstances and require remand of this case to state court. See Doc. 7, Exhs. B-D.

The Court concurs with Plaintiffs and the authority they cite, that on the record before the Court, Defendant has not met its burden of establishing by a preponderance of the evidence that the amount in controversy in this case exceeds $75,000 as to either Plaintiff. Plaintiffs' Complaint provides nothing more than a general description of the types of damages Plaintiffs claim to have suffered in amounts in excess of $15,000. In addition, the specific amounts of lost wages and medical expenses Defendant cites as supported by the record fall well below the jurisdictional amount for both Plaintiffs. Moreover, the evidence in the record provides an insufficient basis to attempt to calculate any future monetary

losses, and would require the Court to speculate impermissibly about future medical costs and lost wages associated with Plaintiffs' injuries, as well as the nature and extent of Plaintiffs' other alleged damages.

For the reasons set forth above, the Court also finds that based upon the record before it, Plaintiffs' demands for payment of the $100,000 available policy limits in their settlement demand letters and Notices of Civil Action do not establish by a preponderance of the evidence that Plaintiffs' claims more likely than not exceed $75,000, exclusive of interest and costs, only that they potentially may exceed that amount.

Accordingly, upon review of the matter, it is

**ORDERED AND ADJUDGED:**

That Plaintiff's Motion to Remand (Doc. 7) is granted, and this case is hereby remanded to the Circuit Court, Fourth Judicial Circuit, in and for Duval County Florida.

**DONE AND ORDERED** this _12_ day of September 2012.

_____
United States District Judge

c:

W. Holt Harrell, Esq., counsel for Plaintiffs
Mark Gallagher Kahley, Esq., counsel for Defendant
Raymond L. Roebuck, Esq., counsel for Defendant